IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**ROBERT JAMES HAZLETT,** )<br>)<br>**Defendant** )<br>) | Civil No. 04-372E |

## OPINION AND ORDER

Pending before the Court is Plaintiff United States of America's Motion for Default and Default Judgment against Defendant Robert James Hazlett due to Defendant's failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

I. The Complaint in Mortgage Foreclosure.

Plaintiff has filed a Complaint in Mortgage Foreclosure against Defendant. The Complaint in Mortgage Foreclosure contains two counts. Count One is for Mortgage Foreclosure and Count Two is for Deficiency Judgment.

The Complaint alleges the following: Plaintiff, acting through the Farmer's Home Administration, United States Department of Agriculture, lent to Defendant the sum of $33,600, bearing interest rate of 9% per annum payable in monthly installments as evidenced by a Promissory Note dated August 3, 1989 executed by Defendant. Complaint, ¶ 3. Defendant, for purposes of securing Plaintiff against loss, executed and acknowledged to Plaintiff, on or about August 3, 1989, a Real Estate Mortgage, which provided in its terms that upon default in the payment of any installment due under the Mortgage, the entire indebtedness shall, at the option of the obligee, its successors and assigns, become immediately due and payable. Id. at ¶ 4. The

real property that is subject to the Mortgage is known as 5903 U.S. Route 322, Franklin, Pennsylvania 16323. Id. at ¶ 8. The Real Estate Mortgage was duly recorded on August 9, 1989. Id. at ¶ 5. During the course of the loan, Defendant's monthly mortgage payments were subsidized by Plaintiff. Id. at ¶ 9. Plaintiff is the owner and holder of the Promissory Note and Real Estate Mortgage. Id. at ¶ 10. Defendant is the current record owner of the mortgaged premises to the best of Plaintiff's knowledge and belief. Id. at ¶ 11. Defendant is in default on the Note and Mortgage for failure to make payments to Plaintiff when due under the Mortgage. Id. at ¶ 12. As a result of this default, Plaintiff accelerated the balance due under the Note and Mortgage for failure to pay Plaintiff the accelerated balance. Id. There is now fully due and owing on the Promissory Note and Real Estate Mortgage the following sums: (1) Principal and Advances: $28,919.08; (2) Interest due through May 31, 2004: $ 6495.88; (3) Interest from June 1, 2004 through November 30, 2004 at the daily rate of $7.13: $ 1297.66; and (4) Interest Credit Subject to Recapture: $1182.61; for a total of $37895.23, together with interest at 9% per annum to the date of judgment, plus interest from the date of judgment at the legal rate. Id. at ¶ 14. All conditions precedent to the bringing of the action have been performed or have occurred. Id. at ¶ 15. Plaintiff's lien is prior and superior to any other liens or claims against the property. Id. at ¶ 17.

II. Affidavit of counsel

Attached to the Motion for Default and Default Judgment is an Affidavit signed by Plaintiff's counsel. This affidavit contains the following relevant information: (1) Plaintiff's Complaint against Hazlett was filed on December 20, 2004; (2) on January 7, 2005, Plaintiff mailed Hazlett a copy of the Complaint and a Notice of Lawsuit and Request for Waiver of Service of Summons; (3) Defendant failed to execute to Waiver of Service of Summons; (3)

Because Hazlett did not execute the Waiver of Service of Summons, Plaintiff attempted to serve Hazlett through the Untied States Marshal's Office; (4) the United States Marshal's office returned an unexecuted return of service as to Hazlett on March 3, 2005; (5) Plaintiff then filed a Motion for Enlargement of Time to serve the Complaint and Summons on Hazlett and a Motion for Alternate Service; (6) on April 26, 2005, this Court granted both Motions and ordered Plaintiff to serve Hazlett within 120 days by posting the subject property; (7) on June 7, 2005, through the United States Marshal Service, Plaintiff served Hazlett with the Complaint and Summons by posting the subject property; (8) Hazlett has not answered or asserted any defenses in this action as provided by the Federal Rules of Civil Procedure; (9) to the best of Plaintiff's knowledge, information and belief, Hazlett is not an infant or incompetent person and is not in the military of the United States of America.   Affidavit, ¶¶ 1-11.

III. Legal Analysis.

    Fed.R.Civ.P. 55(b)(2) states in pertinent part:

    **(b) Judgment.** Judgment by default may be entered as follows:

> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55(b)(2).

After having reviewed the documents of record in this matter, I find that it appearing that Defendant is neither an infant nor an incompetent person and not in the military of the United States of America, and that the averments in the Complaint in Mortgage Foreclosure, if taken as true, state viable claims by Plaintiff against Defendant, default judgment should be entered in favor of the Plaintiff as against Defendant on all claims contained in the Complaint in Mortgage Foreclosure.

IV. Conclusion.

Plaintiff's Motion for Default and Default Judgment is GRANTED. The following Order therefore is entered:

### ORDER

AND NOW, this 15th day of September, 2005, it is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Default and Default Judgment is GRANTED.

It is further ORDERED, ADJUDGED, AND DECREED that Default is entered against Defendant Robert James Hazlett and in favor of Plaintiff United States of America.

It is further ORDERED, ADJUDGED, AND DECREED that Judgment by Default is hereby entered against Defendant Robert James Hazlett and in favor of Plaintiff United States of America, as follows:

| | |
|---|---|
| Principal and Advances | $ 28,919.08 |
| Interest due May 31, 2004 | $ 6495.88 |
| Interest from June 1, 2004 through to August 31, 2005 at the daily rate of $7.13 | $ 3258.41 |
| Interest Credit Subject to Recapture | $ 1182.61 |
| Total | $ 39,855.98, |

together with interest at 9% per annum to the date of Judgment, plus interest accruing from the date of Judgment at the legal rate and costs.

It is further ORDERED, ADJUDGED, AND DECREED that the subject property, 5903 Route 322, Franklin, Pennsylvania 16323, hereby shall be and is exposed for the purpose of satisfying Plaintiff's Judgment.

It is further ORDERED, ADJUDGED, AND DECREED that a deficiency judgment is entered for the balance due and any on the default judgment after deduction of monies received as a result of the sale of the subject property.

It is further ORDERED, ADJUDGED, AND DECREED that Plaintiff shall be paid the amount adjudged due Plaintiff with interest thereon at the legal rate to the time of such payment, together with costs to this action and the expenses of sale.

It is further ORDERED, ADJUDGED AND DECREED that Clerk of Courts shall mark this case CLOSED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc:   Lori Gibson
      Robert James Hazlett